UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| ARTEMIS COFFIN, et al., Individually and as Representatives of a class of all persons similarly situated,<br><br>Plaintiffs<br><br>v.<br><br>BOWATER INCORPORATED, et al.,<br><br>Defendants | Civil No. 03-227-B-C |

Gene Carter, Senior District Judge

**ORDER DENYING PLAINTIFFS' MOTION TO AMEND**

Plaintiffs request that the Court amend its Opinion and Order of September 2, 2005 (Docket Item No. 155) to substitute the date of May 8, 2003 for January 1, 2003 as the cutoff date for Bowater's liability under Count I of the Third Amended Complaint. Plaintiffs maintain that they are not asking the Court to reconsider its ruling on the effect of Bowater's adoption of the 2003 Plan, but rather, simply seek to change the effective date of the 2003 Plan to May 8, 2003. Motion to Amend at 1. The Court considers the fundamental nature of Plaintiffs' request as one for reconsideration and will, therefore, treat it accordingly.

**I. DISCUSSION**

To dispose of the motion, Defendants suggest that the Court import the legal standard applicable to Rule 59(e) for the alteration or amendment of judgments wherein

the movant must demonstrate an intervening change in the law, the discovery of new evidence, or a clear error of law in the first order.  Defendants' Opposition to Plaintiffs' Motion to Amend at 3.  Although a commonly filed motion, the Court of Appeals for the First Circuit has described a motion for reconsideration as one that does "not necessarily fall within any specific Federal Rule" and, therefore, in such motions the movant "relies on 'the inherent power of the rendering district court to afford such relief from interlocutory judgments … as justice requires." *Greene v. Union Mutual Life Insurance Co.*, 764 F.2d 19, 22 (1st Cir. 1985) (citation omitted).  A motion for reconsideration should not give the losing party the opportunity to simply reargue its losing points and authorities.  Moreover, 'revisiting the issues already addressed 'is not the purpose of a motion to reconsider,' and 'advancing new arguments or supporting facts which were otherwise available when the original summary judgment motion was briefed' is likewise inappropriate." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991) (citation omitted); *see also Frietsch v. Refco, Inc*., 56 F.3d 825, 828 (7th Cir. 1995) ("It is not the purpose of allowing motions for reconsideration to enable a party to complete presenting his case after the court has ruled against him.").  The broad "interests of justice" standard, which guides the Court's analysis, is highly discretionary.  *See Greene,* 764 F.2d at 22; *United States v. Roberts*, 978 F.2d 17, 22 (1st Cir.1992) (noting that the interests of justice test "covers considerable ground").  In conducting this analysis, this court may consider the following, nonexhaustive list of factors:

> (1) the nature of the case, (2) the degree of tardiness, (3) the reasons underlying the tardiness, (4) the character of the omission, (5) the existence vel non of cognizable prejudice to the nonmovant in consequence of the omission, (6) the effect of granting (or denying) the motion on the administration of justice, and (7) whether the belated filing would, in any event, be more than an empty exercise.

*Winters v. FDIC*, 812 F. Supp. 1, 3 (D. Me. 1993) (quoting *Roberts*, 978 F.2d at 21-22).

### A. Nature of the Case

Although the subject matter is that of relatively routine civil litigation, the Court notes that Plaintiffs are a certified class. The presence of a class certainly heightens the stakes, but the existence of a class alone cannot forgive class counsel's mistake. This factor weighs neither for nor against reconsideration.

### B. Utility of the Pleading

The likelihood of success if the party moving for reconsideration is allowed to revisit the issue is worthy of significant weight given that this is a claim involving a class of Plaintiffs and the Court's preference for resolving cases on their merits. Here, Plaintiffs claim that they have a meritorious argument to extend some of Plaintiffs' health insurance coverage for four months because although the effective date of the 2003 Plan is January 1, 2003, the 2003 Plan was not executed by Bowater's representative until May 8, 2003, and that the health plan could not be retroactively amended. This argument fails, Defendants' respond, because unless the express language of the benefit plan creates vested rights, a welfare benefit plan can be retroactively modified or terminated and "the benefit plans upon which Plaintiffs rely state that they create no vested benefits of *any* nature." Defendants' Opposition to Plaintiffs' Motion to Amend at 6 (emphasis in original). It appears that the issue is one that would require briefing and full consideration by the Court and, therefore, it cannot be said that it would be a wholly empty exercise. This factor weighs in favor of granting reconsideration.

### C. Degree of Tardiness

Plaintiffs' argument, regarding the legal significance of the effective date of the 2003 Plan, clearly could have been raised in their Motion for Summary Judgment or in response to Defendants' Motion for Summary Judgment, but it was not. In their Statement of Material Facts supporting their Motion for Summary Judgment, filed on July 1, 2005, Plaintiffs' asserted that "[e]ffective January 1, 2003, Bowater, Inc. established the 'Bowater Incorporated Benefit Plan.' The Bowater Incorporated Benefit Plan purported to be a 'continuation, amendment and restatement of plans previously maintained by the Company, as set forth in the relevant summary plan descriptions and the Company's welfare benefit plans.'" Plaintiffs' Statement of Material facts as to Which There is No Genuine Issue (Docket Item No. 125) ¶ 36 (quoting Ex. 27 (Bowater Incorporated Benefits Plan) at § 1.01. Plaintiffs' filed their "Motion to Amend" approximately two weeks after the Court issued its Summary Judgment Opinion and Order. However, the delay in raising the argument regarding the effective date of the 2003 Plan is significantly greater. The Court notes that the information concerning the effective date of the 2003 Plan has been available to Plaintiffs since the commencement of this lawsuit. In addition, Defendants assert that Plaintiffs never raised this argument to the Plan Administrator during the administrative determination of their claims. Given the availability of the information to Plaintiffs, this factor weighs against reconsideration.

### D. Reasons Underlying the Tardiness

By way of explanation Plaintiffs state that their "position throughout the claims process and this litigation has been that the 2003 Plan, whatever its effective date, did not purport to terminate the POS-A or Indemnity Plans, and that we therefore did not focus

4

on the legal significance of the precise adoption date of that Plan in briefing the cross-motions for summary judgment and thus did not properly advise the Court regarding the true adoption date." Motion to Amend at 2-3. Plaintiffs go on to assert that "the Court's Opinion and Order has served to bring the legal significance of the true date of the BI Benefit Plan adoption into the sharpest focus." *Id.* at 3. However, given Plaintiffs' all or nothing position that the 2003 Plan did not terminate the POS-A or Indemnity Plans, it is more likely that the failure to raise the effective date issue was tactical. Thus, consideration of this factor weighs against reconsideration.

### E. Character of the Omission

Plaintiffs describe the Court's application of the January 1, 2003, date as an "apparent assumption that the 2003 B[owater] I[ncorporated] Benefit Plan was adopted on or before its stated January 1, 2003 effective date." Motion to Amend at 2. To suggest that the Court made an "assumption" regarding the effective date of the Plan is simply wrong. This is not a case where Plaintiffs failed to include the effective date in the summary judgment record and when considering the record, the Court selected January 1, 2003, as the Plan's effective date. The effective date of the 2003 Plan was affirmatively asserted by Plaintiffs to be January 1, 2003, in their statement of material facts, and agreed to be January 1, 2003, by Defendants in their factual response. *See* Plaintiffs' Statement of Material Facts as to Which There is No Genuine Issue (Docket Item No. 125) ¶ 36; Defendants' Opposition to Plaintiffs' Statement of Material Facts as to Which There is No Genuine Issue (Docket Item No. 141) ¶ 36. In addition, the January 1, 2003, effective date was repeatedly relied upon by the parties throughout the voluminous briefing on the cross motions for summary judgment. Moreover, Plaintiffs'

attempt to couch their instant request in terms of an assertion that a simple date change will correct the error in Plaintiffs' litigating posture is disingenuous because it ignores the fact that they are presenting a new legal position on the effect of the 2003 Plan.

Plaintiffs' litigating position in briefing the cross motions for summary judgment was that the 2003 Plan had no effect on their rights. Their new legal position is in essence an alternative argument to that asserted in the summary judgment briefing. That is, even if the 2003 Plan terminates their rights, the Plan was not effective until May 8, 2003. Plaintiffs may have had tactical reasons to put forth at summary judgment the singular position that the 2003 Plan had no impact on their benefits. The Court cannot determine with certainty whether Plaintiffs' underlying reason for not advancing this argument in the briefing of the parties' cross motions for summary judgment was tactical or an oversight. It is, however, difficult for the Court to believe with confidence, in a case as hard-fought and well-litigated as this case has been, that Plaintiffs' attorneys simply failed to "focus" on this integral issue relating to the effective date of the 2003 Plan. This factor weighs against reconsideration.

## F. Prejudice

Permitting reconsideration of this issue would require that the parties brief the issue within the context of another summary judgment motion. Defendants have not cited any prejudice to them resulting from Plaintiffs' request other than the cost in time and money of having to litigate the issue Plaintiffs have now raised for the first time. Thus, this factor weighs in favor of granting reconsideration.

6

### G. Administration of Justice

This Court has a significant interest in the conscientious enforcement of the rules regarding summary judgment practice.  Permitting a second round of summary judgment motions without any convincing reason compelling excusal of Plaintiffs' previously clearly stated position would frustrate this Court's efforts to establish and maintain continuity in the motion practice and treatment of litigants in this district.  Since Plaintiffs have admitted that January 1, 2003 was the effective date of the 2003 Plan, they are properly to be held to that factual averment and not to be permitted to change their factual statement after losing on their original legal argument.  This factor weighs against reconsideration.

## II. CONCLUSION

While reconsideration of the issue raised in this case may have some impact on the result reached by the Court and Defendants have not shown that they will suffer any prejudice by allowing the reconsideration, counsel's failure to advance the legal argument regarding the significance of the effective date of the 2003 Plan in briefing on the cross motions for summary judgment does not now permit consideration of that issue. After weighing the factors suggested in *Roberts,* the Court is persuaded that the interests of justice do not justify the Court granting the requested reconsideration.  Accordingly, it is **ORDERED** that Plaintiffs' Motion to Amend be, and it is hereby, **DENIED**.

/s/ Gene Carter
Gene Carter
Senior United States District Judge

Dated this 10th day of November, 2005.